UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSHUA MAYNARD,<br><br>    Plaintiff,<br><br>    v.<br><br>ELGA CREDIT UNION,<br><br>    Defendant. | Case No. 25-cv-05211-PHK<br><br>**ORDER VACATING INITIAL CASE MANAGEMENT CONFERENCE AND REQUIRING PLAINTIFF TO SHOW CAUSE FOR LACK OF SERVICE** |

On June 20, 2025, *pro se* Plaintiff Joshua Maynard filed the Complaint in this action against Defendant Elga Credit Union and paid the required filing fee. [Dkt. 1]. To date, Elga Credit Union has not appeared in this action, and Plaintiff has not filed any proof of service demonstrating that Elga Credit Union was properly served. *See* Fed. R. Civ. P. 4(l).

Federal Rule of Civil Procedure 4(m) provides that:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Although *pro se* litigants are generally afforded more latitude than those represented by counsel, a party's *pro se* status does not constitute "good cause" for failing to timely effect service. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Townsel v. Contra Costa Cnty.*, 820 F.2d 319, 320 (9th Cir. 1987) (holding that ignorance of service requirements does not constitute "good cause" for failure to timely effect service).

Here, Plaintiff commenced this action on June 20, 2025, naming Elga Credit Union as the sole defendant. More than ninety days have passed since Plaintiff's complaint was filed, and there is nothing on the docket which reflects that service has been effectuated as to the sole named defendant. Plaintiff's failure to effectuate proper service within the time limits prescribed by Rule 4(m) is grounds for the dismissal of this case, in the absence of justification for the failure.

Accordingly, **IT IS ORDERED THAT**:

1. By no later than **October 27, 2025**, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, as to why this case should not be dismissed without prejudice for failure to effect service of process within the time limits prescribed by Rule 4(m).

2. Plaintiff may respond to this Order to Show Cause by filing, by the October 27, 2025 deadline, adequate proof of service of process under Rule 4.

3. Plaintiff is admonished and warned that failure to timely respond to this Order to Show Cause and failure to show good cause for the lack of service will result in the issuance of a Report and Recommendation that this case be dismissed without prejudice for failure to effect service of process, which evidences a failure by Plaintiff to prosecute this action.

4. Due to the procedural posture of this case, the Initial Case Management Conference set for October 1, 2025 is **VACATED**.

5. The Clerk is directed to mail a copy of this Order to Plaintiff at his address of record.

### ADVISEMENT OF *PRO SE* RESOURCES

Plaintiff is **ADVISED** that there are several resources available for *pro se* litigants. The Court makes available a guide for *pro se* litigants titled *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*, which provides instructions on how to proceed at every stage of a case, including discovery, motions, and trial. This guide is available electronically online at https://cand.uscourts.gov/pro-se-handbook/ or in hard copy free of charge from the Clerk of Court's Office. The Court additionally has a webpage with resources for pro se litigants: https://www.cand.uscourts.gov/pro-se-litigants/.

While the Court recognizes that Plaintiff Maynard is proceeding pro se, Plaintiff Maynard

nevertheless **SHALL** comply with all of this Court's Orders (including all Standing Orders, available on the Court's website) and all deadlines required by the Federal Rules of Civil Procedure, the Local Rules of this Court, the General Orders of this Court, and any other statutory requirements in a timely fashion.

**IT IS SO ORDERED.**

Dated:  September 26, 2025

PETER H. KANG
United States Magistrate Judge