**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSHUA MAYNARD,<br><br>    Plaintiff,<br><br>  vs.<br><br>ELGA CREDIT UNION<br><br>    Defendant. | Case Number: CV25-5211 PHK<br><br>STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION<br><br>Action Filed:  June 20, 2025<br>Trial Date:     March 29, 2027 |

### 1. PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

### 2. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

### 3. LIAISON

Plaintiff Joshua Maynard and ELGA counsel Jeff Hosking are identified as liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes

1

without court intervention.

**4.  PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI relating to the loan for the 2011 Jeep Grand Cherokee Laredo or Robin Maynard's membership with ELGA Credit Union that was created or received between July 7, 2009 and June 1, 2025, and which exists at the time this stipulated order is signed by the Court will be preserved;

b) The parties will exchange a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;

c) The parties have agreed/will agree on the number of custodians per party for whom ESI will be preserved;

d) These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced: systems no longer in use that cannot be accessed; data that has been overwritten or discarded pursuant to party document retention policies;

e) Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve the following: backup media created before July 7, 2009, digital voicemail, instant messaging, automatically saved versions of documents;

f) In addition to the agreements above, the parties agree data from these sources (a) could contain relevant information but (b) under the proportionality factors, should not be preserved: None presently known to either party.

**5.  SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

**6.  PRODUCTION FORMATS**

The parties agree to produce documents in PDF file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents

2

as part of the document production process.

## 7. PHASING

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI and the initial production will be from the following sources and custodians: currently active databases containing materials from June 1, 2023 to June 12, 2025. Following the initial production, the parties will continue to prioritize the order of subsequent productions.

## 8. DOCUMENTS PROTECTED FROM DISCOVERY

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b) The parties do not agree to the "quick peek" process pursuant to Fed. R. Civ. P. 26(b)(5).

c) Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

## 9. MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: May 24, 2026          /s/ Joshua C. Maynard

Plaintiff Pro Se

Dated: May 22, 2026          /s/ Jeffrey D Hosking

Counsel for Defendant

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: May 27, 2026

UNITED STATES MAGISTRATE JUDGE

3